## RE RED BRIDGE.

### PROVIDENCE—MARCH 7, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Chapter 1332 of the Public Laws, passed June 12, 1894, provided as follows:

  §§ 1, 2, authorized the construction of a bridge over the Seekonk river and made directions as to certain details.

  § 3 related to the appointment of commissioners to appraise and make awards concerning incidental damages and to appeals from their report.

  §§ 4, 5, directed payment of the cost in the first instance.

  § 6 provided for a commission to apportion such cost, whose report to the Appellate Division of the Supreme Court was to be confirmed under the conditions stated in the following decision.

  §§ 7–12 related to other details not pertinent to the opinion.

After the making of the report mentioned in § 6, a town to which a part of said cost had been apportioned filed its exceptions to the report and claimed a jury trial of the exceptions:—

*Held*, that the court should determine, first, whether there was cause for not affirming the report.

*Held*, further, that the court might correct errors of law appearing in the report.

*Held*, further, that it was the right of a party excepting to have errors of fact in the report tried by a jury.

APPLICATION for a jury trial of exceptions to the report of a commission appointed under special statutory provisions.

PER CURIAM. Pub. Laws R. I. cap. 1332, § 6, provides that after the filing of the report of the commissioners the court "shall, unless sufficient cause be shown to the contrary, upon exceptions filed by any of the parties interested, after the trial of said exceptions, with or without a jury as the party excepting may elect, accept and affirm said report and enter judgment thereon, or shall confirm and enter judgment upon said report as revised and amended by the court," &c. It will be observed that the language is that the court shall accept and affirm the report and enter judgment thereon unless sufficient cause be shown to the contrary. We think, therefore, that in the first instance the court is to determine whether or not sufficient cause exists for not accepting and affirming the report and entering judgment upon it; that if,

in the opinion of the court, there is reason to suppose that the award of the commissioners is erroneous in matters of law, the court may correct the error, and, if the error consists in a matter of fact, that the party excepting shall have the right to have such matter tried by a jury if it so elects. This view is in conformity with the usual procedure on exceptions, and it will be noticed that § 6 provides for that method of procedure, while § 3, with reference to the damages therein specified, provides for procedure by appeal.

*Edward C. Dubois and Edward L. Mitchell*, for applicant.

*Francis Colwell and William B. Greenough*, for opponent.